(No. 4499—

BETTY SECAUR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 26, 1952.*

LESTER B. MARSHALL, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

This claim arises out of the unlawful discharge of a Civil Service employee, and, claimant, Betty Secaur, seeks to recover wages, which were due her during her unlawful discharge.

Claimant, Betty Secaur, with Civil Service status, was transferred from the Illinois Public Aid Commission of Illinois, and appointed to the classified service of the Department of Registration and Education of the State of Illinois as Field Investigator II on January 1, 1949, and continued to be assigned to that Department until March 19, 1949, when, upon written notice from the Director of said Department, she was discharged. During said period she was paid a salary of $225.00 per month, although during that time she was not assigned to perform any actual work.

The matter of the legality or propriety of claimant's discharge as Field Investigator II, as aforesaid, and her right to receive salary for the period involved in that suit was heretofore litigated in a hearing before the Civil Service Commission of Illinois, which Commission found that her discharge had been for just cause. This decision was appealed to the Superior Court of Cook County, where a hearing was had, and a finding and decision rendered that her discharge was not for just cause, and she was ordered reinstated. After that the State of Illinois took an appeal of the case to the Supreme Court of Illinois, where the decision of the Superior Court of Cook County was affirmed. (408 Ill. 197.) This covered the period of claimant's employment with respondent as aforesaid from July 1, 1949 to the date of her reinstatement in February, 1951. Subsequent to the above Supreme Court decision, claimant filed a petition for mandamus in the Superior Court of

Cook County, and an order was entered by that Court directing the State Treasurer and the State Auditor of Public Accounts to make payment of claimant's salary for the period from July 1, 1949 to the date of her reinstatement in February, 1951.

During the period in controversy, March 19, 1949 through June 30, 1949, claimant was unemployed, and was ready, willing and able to perform her duties as Field Investigator II for said Department. Prior to receiving said notice of discharge, she made repeated telephone and personal calls to said Department, but, according to her testimony, received no work assignment.

Respondent paid claimant her salary of $225.00 per month from January 1, 1949 to March 19, 1949 voluntarily, and paid claimant her salary, after extended litigation, for the period from July 1, 1949 up to the date of her reinstatement in February 1951, at the rate of $225.00 per month.

It appears, therefore, that claimant is entitled to be paid her salary for the period here in controversy, that is from March 19, 1949 to June 30, 1949, at $225.00 per month.

There is no answer or affirmative defense made in this case, and the only conclusion that the Court can make is that the claimant is entitled to her salary for the period in controversy.

Therefore, an award is entered allowing claimant her salary for the period from March 19, 1949 to June 30, 1949, a period of 3 months and 12 days, at the rate of $225.00 per month, in the amount claimed, being $762.09.